

**RECEIVED**

JUN 17 2008

JuN 17 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MR Ronnie L. McAtee, A.K.A.

Rickey L. Stevenson

I.D No.# 20070069907

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Thomas J. Dart (Sheriff)

Salvador A. Godinez

John / Jane Doe (C/O.S)

Jane Doe, Aramark food Supv.,

All named Defendants Are Sued

in their individual Capacities

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

08CV3472
JUDGE LEINENWEBER
MAGISTRATE JUDGE NOLAN

Trial by Jury Demaned

**CHECK ONE ONLY:**

___✓___    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

A.    Name: MR. Ronnie L. McAtee

B.    Date of Birth: January 28th, 1974

C    List all aliases: Rickey L. Stevenson

D.    Prisoner identification number: # 20070069907

E.    Place of present confinement: Cook County Jail

F.    Address: P.o. Box 089002, Chic Ill 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, date of birth, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant: Thomas J. Dart

Title: Sheriff of Cook County

Place of Employment: - Same as Above -

B.    Defendant: Salvador A. Godinez

Title: Executive Director of Cook County Jail

Place of Employment: - Same as Above -

C.    Defendant: John/Jane Doe's

Title: Correctional Officers

Place of Employment: - Same as Above -

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 5/2007

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: McAtee v. Robinson - 97-DH-414 ; McAtee v. Carter # 96-c-5805 ; McAtee v. fish - # 99-1107

B.   Approximate date of filing lawsuit: (1996) (1997) and (1999)

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

Ronnie L. McAtee

" No- Co - Plaintiffs' "

D.   List all defendants: Thomas Robinson et al. Lamark carter et al; And Oarren A. fish et al; * Note: Plaintiff Unable to List All Defendants due to Loss And Destruction of Documents *

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern , Southern And Central Oistricts

F.   Name of judge to whom case was assigned: David Herndon, Harry D. Leiene weber And Judge McDade;

G.   Basic claim made: Execessive use of force,

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): McAtee v. Robinson (dismissed) - McAtee v. Carter (settled) and McAtee v. fish (A Verdict Entered in favor of defendant fish in A Bench Trial.)

I.   Approximate date of disposition: _____ Unknown _____

* Note: Plaintiff Unable to List All other information on other Case's Oue to Lack of memory And Loss of Documents. *

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 5/2007

## PRELIMINARY STATEMENT

This is an action brought by Plaintiff Pro-se seeking a Declaratory Judgement, Injunctive Relief and Damages against the defendants whom are employee(s) of the Cook County Jail - Department of Corrections (Hereafter Referred to as the Cook County Jail). in which - owed Plaintiff a duty of care and illegally subjected Plaintiff to force labor in the Jail - - Division (11) Detainee Kitchen pursuant to an unwritten policy and practice, in doing so, the Plaintiff suffered a serious injury to his spine in the form of (2) Herniated Ruptured Bulging Disc's and Defendants have been and continues to be Deliberately indifferent to Plaintiffs' serious - - Medical needs by denying Plaintiff Medical Treatment. "Pain-Medication, Surgery, physical Therapy, Medical Aids etc.,

The action or inactions was the direct and proximate cause of Plaintiffs' injury, that Plaintiff. As Alleges was in violation of his Rights pursuant to the (8th), (13th) and (14th) Amendment Rights to the U.S. Constitution.

# Jurisdiction

This civil rights action is arising under the (8th) (13th) and (14th) amendments to the constitution of the United States and under 42 u.s.c. Sec., 1983 with Jurisdiction authorized and also conferred on the court by 28 u.s.c. 1331 and 1343.

The Declaratory and Injunctive relief claims prayed for in this action is authorized by 28 u.s.c. 2201 and 2202, 42 u.s.c. Sec., 1983 and Rule-57 f.R.c.P.

This suit seeks to redress the deprivation and immunities secured to Plaintiff under the state and federal constitution.

# Plaintiff

1.) The Plaintiff Ronnie L. McAtee, A.K.A. Alias name Rickey L. Stevenson, I'D No.# 2007-0069907 and currently a Pre-Trial Detainee confined to the Cook county Jail under authority of the — — — Sheriff Thomas J. Dart pursuant to chapter 730 ILCS 125/4 and 55 ILCS 5/3-15016 (West 1992) Awaiting the Adjudication process on an Allege charge of Burglary.

# Defendants

3. Defendant Thomas J. Dart, is Sued herein individually as the Sheriff of Cook County Department of corrections. (Herein Referred to as the Cook County Jail), pursuant to 730 ILCS 125/4 ; 55 ILCS 5/3-15016 (West 1992). He is Responsible for the hiring, Training of employees and Maintaining the care and custody of Detainees including Plaintiff.

4. Defendant Salvador Godinez, is Sued Herein and individually as the Executive Director of cook county Department of corrections.
Defendant Godinez is Appointed pursuant to Chapter 730 ILCS 125/3 of the Cook County Jail Act on the Authority of the Sheriff Defendant Dart.
He is Responsible for ensuring, Maintaining the care And custody of Plaintiff, ensuring that Plaintiff is provided with Adequate, Medical care.

5. Defendants Jane / John Doe (correctional officers') And Jane Doe (Aramark food Service Supervisor) is Sued herein individually as Cook County Department of corrections employee (S) hired And trained by the Sheriff Thomas Dart pursuant to 730 ILCS 125/3 to operate, And Maintain the cook county Jail.

6.) Defendant John Doe, is herein sued individually as the Cermak health care Service Administrator. He is Responsible for providing plaintiff with Adequate Medical, Dental and Mental health Services.

"Statement of Facts"

7.) Plaintiff Ronnie L. McAtee at all times Relevant was a citizen of the county of Cook with all Rights, privileges And immunities due to him pursuant to the united - - - States Constitution

8.) On information and belief, Prior to plaintiffs' - - - - incarceration, Defendants Dart and Godinez while Acting under color of Law, enacted a policy, custom And practice with their knowledge and consent and it was an "unwritten policy designed to force Pre-Trial Detainee(s) to work within the Cook county Jail Kitchen in Division (11) and that Such Policy was Active during Plaintiffs' incarceration on or About June 12, 2007 And was being enforced by Cook county Correctional officers'.

9.) On or About June 12th, 2007, Plaintiff Ronnie L. McAtee I.D No.# 2007-0043364 was being processed into the Cook county Jail Division (5) Recieving And Classification Area on the charge of Domestic Battery.

At the time of Plaintiffs' entry into the processing Area he (Plaintiff) informed the Jane/John Doe (classification officer), that he had a disability due to a Gun-Shot wound to his right knee in (November 12th, 1991) and the Plaintiff had a knee fusion surgery on (June of 1993) and thus he (Plaintiff) was unable to properly flex his (Rt. Knee) or properly bend-over to lift heavy - - - objects etc., in which Plaintiff requested the - - - - (Jane/John Doe) classification officer to Transfer him to either Division (2) or (10) Medical unit to Accommodate his disability, At which time his Request was ignored and he was subsequently - - - Transfered to Division (11) on the Kitchen workers Tier..

10.' on the same date, Plaintiff McAtee Arrived At Division (11) tier (C-B) in which was maintained As Division (11) Kitchen workers' Deck for Detainee(s) to Attend the (11-7) AM shift in the Kitchen.
As Plaintiff was Awaiting his court date to come About on ( June 27th, 2007 ) exactly two (2) days before his Scheduled court date on (June 25th, 2007), Defendant John Doe (c/o.) (11-7) Shift informed All Detainee(s) on tier (C-B) whom previously worked the other night in the kitchen that they were "fired" Per Defendant Jane Doe (Momma Lane) And that All New Detainee(s) Must fill the vacant positions including Plaintiff And Defendant John Doe Explained in

And intimidating And threatening MANNER that ANy Detainee whom refuse to work would be disciplined And Sent to the "hole" (referring to the Segregation - unit.).

11.° The Plaintiff in compliance with the directive of Defendant John Doe (c/o.) per his command And ALL Applicable Cook County Department of Corrections Rules And Regulations for Detainee(s). (effective: July 2007), page (2) Sec., Disciplinary procedures And followed such instructions to Avoid Disciplinary Action which could have resulted in the following charges And penalties:

                    (A) Category III Violations:

        (1) Rule-305 Disobeying verbal or written orders
             from Sworn Personnel Etc., including cook
             County Corrections officers';

                    (B) Category III Penalties

        (2) Carries A penalty of (10) to (14) days in
             Disciplinary Segregation;
             " See: PL. Exhibit (  ) Annexed.

12.) Once Plaintiff Reached the Destination in the Basement of Division (11) Kitchen, in which Plaintiff explained to defendant Jane Doe (Referring to the Kitchen Supervisor) that he was unable to Lift any objects etc., in which defendant Jane Doe ignored Plaintiffs' Disabilities and assigned Plaintiff a Cook to prepare the food.

13.) As Plaintiff was performing his assigned duties as a Cook on or About June 25th, 2007. Plaintiff was instructed by defendant Jane Doe whom Subsequently directed Plaintiff to "Stack" the Serving-Lines with pans of food in which Plaintiff objected on the basis of his disability to his Right knee. Defendant Jane Doe "ordered" Plaintiff to pick-up the food pans and place them on the Serving Lines or Plaintiff would face disciplinary Action.

14.) Plaintiff in such compliance with defendant Jane Doe's directive Attempted to pick-up the "deep-Dish food pans in which Plaintiffs' Lower Back gave Away and Plaintiff fell to the floor in Excuriating pain in his Lower Back, As A Result of Plaintiff being Required to pick-up objects in which he (Plaintiff) is not Able to do so due to not properly being Able to flex his (Rt. knee) which caused Plaintiff to Strain his Back And/or Apply pressure to his Spine.

15.) Plaintiff was transported from Division (11) by ambulance to the Cook County Cermak health service hospital and "examined" by Dr. Ann Dunlap in which she "ordered" a (ct-scan) in which - - - revealed (2) two herniated ruptured bulging - - disc in Plaintiffs' spine and Dr. Ann Dunlap "ordered" Plaintiffs' transfer to John H. Stroger Jr., hospital for immediate surgery on Plaintiffs' spine.

16.) Once Plaintiff arrived at John H. Stroger, Jr., hospital Plaintiff was examined by Doctors and whom initially misdiagnosed Plaintiffs' injury to his spine and dismissed his injury as a fractured of (L1) verterbrate and that Plaintiffs' injury did not - - - require surgery and released Plaintiff back into the custody of Defendants.

17.) As a result of this incident due to defendants - - - enforcement of the unwritten policy of forcing Plaintiff to work, knowinglying and intentionally has shown a callous disregard for the health and safety of the Plaintiff and ignored their duty of care which is owed to Plaintiff and Defendants knew their conduct was prohibited by law and would result in injury to the Plaintiff in which Plaintiffs' condition continues to deteriorate in which Plaintiffs' suffers from - - - excuriating Back-pain, spasms, numbness / tingling →

in his leg's, loss of urinary control as a result of Damage to Plaintiffs' Nerve Structures.

18.) Since Plaintiffs' injury, Defendant Dart, Godinez And Defendant John Doe (Health care Administrator) continues to Deny Plaintiffs' Access to Adequate Medical - - - treatment in which on october 10th, 2007 And on January 29th, 2008 under Grievance control numbers # 2007 x 2285, # 2007 x - 2286 And # 2008 x 0189 in which Plaintiff filed grievances pertaining to Denial of Medical Care for his injury to his Spine in which Defendants Dart, Godinez and John Doe (Health care Administrator) ignored Plaintiff Grievances Appeals in which Plaintiff condition continues to worsen causing him frequent trips to the hospital Emergency Rooms I.E., John H. Stroger, JR., And St. Anthony Hospital. "See: PL. Exhibit ( ) Annexed.

19.) Defendant John Doe (Health care Administrator) failed to ensure Plaintiff Recieve Adequate Medical follow-up treatment As perscribed by DR. Ann Dunlap or - - - Scheduled Plaintiff to be Seen by A Specialist to give A Medical consultation As to Surgery - - - Recommendations to Repair his Spine by A - - - Neuro Surgeon whom Specialize in Repairing the Nervous Structures to correct Plaintiff injury constitutes →

deliberate indifference to Plaintiffs' Serious Medical Needs in which Plaintiff is continuously being denied Medical Treatment.

20.) The Defendants has caused Plaintiff irreparable harm in which is continuing.

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

"See Page ( ) for Relief

**VI.    The plaintiff demands that the case be tried by a jury.**    ☑ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___6th___ day of ___June___ ,20 0 8

___Ronnie A. McAtee A.K.A.___
___Rickey A. Stevenson___ # 20070049907
(Signature of plaintiff or plaintiffs)

___Ronnie L. McAtee, A.K.A. Rickey L. Stevenson___
(Print name)

___I.D. No. # 20070049907___
(I.D. Number)

___Cook County Department of Correction___
___P.o. Box 089002___
___Chicago Illinois  60608___
(Address)

Revised 5/2007

Wherefore, the Plaintiff Respectfully Demand that this Honorable Court Grant the following Relief:

(A) Issue Judgement declaring that the defendants Acts, policies and practices described herein violate Plaintiffs' (8th), (13th) and (14th) Amendments Right to the u.s. Constitution of the united States and under the constitution of the State of Illinois, Article I, Sec., (1) (2) (5) (12) (13) and (24) Act of 1970 and further Said Constitutional Rights So, violated are the Present Rights of Plaintiff that Must be Immediately be Respected and protected.

(1) Issue a preliminary and permanent injunction Prohibiting the cook county Department of corrections Referred to as the - cook county Jail from enforcing the unwritten policy forcing Detainee(s) to forced Labor in the kitchens throughout the cook county Jail;

(B) Issue a preliminary and permanent injunction Requiring the Defendants to:

(1) Provide quality corrective surgery for plaintiffs' spine by a competent neurosurgeon to be paid by Defendants and/or county pursuant to chapter 730 ILCS 125/.5 and 730 ILCS 125/17;

(c) Issue an order appointing a Special Master and/or panel to be nominated by the parties herein appointed by the court for the purposes of overseeing, supervising observation and evaluating the implementation by Defendants of the orders, injunction and judgements of this court;

(d) Retain continuing jurisdiction over this case;

(E) Award Plaintiff compensatory damages in the amount of $800,000 from all Defendants collectively in this action;

(f) Award Plaintiff punitive damages in the amount of $400,000 from all Defendants collectively in this action;

(G) Award Plaintiff pre-judgement interest from the date of Plaintiffs' injuries at a rate as provided by law;

(H) GRANT the PLAINTIFF his cost, EXPENSES of filing this Suit And Reasonable Attorney fee(s) for this Action Against Defendants;

(I) GRANT PLAINTIFF A JURY TRIAL on ALL issue's TRIALABLE by JURY;

(J) GRANT to the PLAINTIFF Such other further And Additional Relief as to the court May Seem Just proper And Appropiate in this cause of Action;

Respecifully SubMiffed!!!

MR. RonNIE L. McAtEE, A.K.A.
Rickey L. STEVENSON
I.D No.# 20070069907
P.O. Box 089002
Chicago, Illinois 60608

SigNED Jihis 6th Day of June 2008

X MR RonNIE L. McAtEE