In The
United States District Court
Northern District of Illinois
Eastern - - - - Division

FILED
JUN 1 7 2008
Jun 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Ronnie L. McAtee, A.K.A.
Rickey L. Stevenson, I.D. No.
# 2007 0069907
                Plaintiff,

08CV3472
JUDGE LEINENWEBER
MAGISTRATE JUDGE NOLAN

-vs-

Thomas J. Dart, et al;
                Defendants.

Motion for Leave to Proceed under
28 U.S.C. 1915 (G) Imminent Danger

Now comes Plaintiff Ronnie L. McAtee, Acting Pro-Se
And hereby Moves This Honorable Court pursuant to
28 U.S.C 1915 (G) for Leave to proceed under
imminent Danger of Serious physical injury.

In Support thereof, Plaintiff states the following:

1.) Plaintiff has creditable allegations of being under serious imminent danger of serious physical injury.

2.) In support thereof, Plaintiff has attached a sworn affidavit in support thereof.

Respectfully Submitted!!!

*[signature]*

Mr. Ronnie L. McAtee, A.K.A.
Rickey L. Stevenson.
I.D. No.# 2007-0069907
P.O. Box 089002
Chicago, Illinois 60608

STATE OF ILLINOIS) SS.
COUNTY OF COOK)

FILED
JUN 17 2008 aew
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## Affidavit in Support of Motion for Leave to Proceed under 28 U.S.C. 1915 (G) Imminent Danger

I, Ronnie L. McAtee, being first duly sworn upon oath depose and state the following creditable allegations of being in imminent danger of serious physical injury under 28 U.S.C. 1915 (G).

In Support thereof, Plaintiff states the following:

1.) The Plaintiff brings this 42 U.S.C. 1983 Civil Rights Action against Cook County Department of Corrections officials and the Sheriff of Cook County without the aid of an Attorney.

2.) Plaintiff claims in the instant complaint involves serious allegations against Defendants in which they intentionally and deliberately enacted an unwritten policy forcing Plaintiff and other Detainee(s) to work in the Detainee Kitchen in which Plaintiff subsequently injured his back in the form of (2) herniated ruptured bulging disc in which Defendants have continuously denied Plaintiff adequate medical treatment or follow-up treatment i.e., surgery, physical therapy and

Medical Aids etc., as Recommended by Dr. Ann Dunlap on or about June 25th, 2007.

3.) The Plaintiff alleges the following actions by the Defendants will subject him to the dangers of serious physical injury.

They are as follows:

(A) Plaintiff asserts that since his spinal cord injury i.e., (a) Herniated Ruptured Disc, Defendants continues to deny Plaintiff adequate medical follow-up treatment in the form of pain-medication, corrective surgery, medical aid's, physical therapy etc., in which Plaintiffs' condition continue's to worsen causing Plaintiff constantly from excruciating back pain, spasms, numbness an tingling in his leg(s) and loss of urinary control etc.,

(B) Plaintiff has constantly complained via through the grievance process, appeals etc., about his need for medical treatment - Part-A - Control # 2007 x 2285, # 2007 x 2286 and No. # 2008 x 0189 which have been ignored by defendants. Thus, causing Plaintiffs' further damage to his spine aggravating his condition causing Plaintiff irreparable harm and

Such a continuous intentional delay in authorizing Plaintiffs' medical treatment i.e., neurosurgery, pain-medication, medical aids, and physical therapy etc., would lessen the effectiveness of treatment or increase the risk of harm to Plaintiffs' spine;

4.) That on April 25th, 2008 Plaintiff was subsequently transfered out the custody of Defendant Thomas Dart, et al; (hereafter referred to as Cook County Jail) and into the custody of the Illinois Department of Corrections to serve a sentence of (8) years imposed due to a conviction on a charge of Burglary February 28th, 2008.

5.) Defendant Thomas S. Dart, et al (Defendants) the responsible/liable party defendants to Plaintiffs' injury to his spine while in the custody, and has authority granted to the county by the Legislature pursuant to Ch. 730 ILCS 125/5 and Sec., 125/17 of the County Jail Act to utilize the appropriated funding to pay for the Plaintiffs' corrective surgery on his spine by a qualified neurosurgeon in which Defendants continues to be deliberate indifferent and have not made any arrangements with (I.D.O.C.) officials --

wherein the Plaintiff is confined at Menard C.C. to schedule or pay for Plaintiffs' Medical Expenses for corrective Surgery on his Spine by a Neuro Surgeon.

6.) Since April 25th, 2008 Plaintiff while in the custody of (I.D.O.C.) officials he (Plaintiff) continues to experience excuriating back pain, Spasms, Numbness and tingling in his Leg's, Loss of urinary Control and loss of physical balance on occasion due to the (2) herniated Ruptured Bulging Disc in Plaintiffs' Spine in which the Ruptured Disc pinch the nerves causing Plaintiffs' body to experience different Reactions.

7.) Plaintiff while in the custody of I.D.O.C. at the Menard C.C. is continuously being denied Adequate Medical Treatment i.e., Surgery, Physical Therapy, Medical Aids and proper pain Medication etc., wherein on May 19th, 2008, Plaintiff lodged a complaint to Dr. J. Shepard about his back injury in which Dr. Shepard on information and belief prescribed Plaintiff a banned Pain Medication commonly known as (Motrin - Ibuprofen) 400 mg in which the Medical Association or Board

Prohibit Doctors from prescribing to patients due to this medication causing patients problems i.e., Heart, Stomach and Liver problems etc.,

8.) I have Read the foregoing Affidavit in Support of the Plaintiffs' Motion for Leave to proceed under 28 U.S.C. 1915 (G) imminent Danger of Serious Physical Injury and State that the Statements Contained herein is true and correct to the best of my knowledge and Belief.

Respectfully Submitted!!!

Rickey L. Stevenson
Mr. Ronnie L. McAtee, A.K.A.,
Rickey L. Stevenson
Reg. No. B-36520
P.O. Box 711
Menard, Illinois 62259