# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3472 | **DATE** | 7/7/2008 |
| **CASE TITLE** | Ronnie L. McAtee (B-36520) v. Thomas S. Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] pursuant to 28 U.S.C. § 1915(g) and motion for leave to proceed under 28 U.S.C. § 1915 imminent danger [4]. If Plaintiff does not pay the $350 filing fee within 30 days, the Court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).

■ [For further details see text below.]          Docketing to mail notices.

## STATEMENT

Plaintiff, Ronnie L. McAtee, currently an inmate at Menard Correction Center, seeks leave to file this *pro se* civil rights complaint *in forma pauperis.*

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., McAtee v. Washington*, Case No. 00 CV 169 (N.D. Ill., filed Jan. 10, 2000) (finding three strikes and denying pauper status under 28 U.S.C. § 1915(g)); *McAtee v. Pucinski*, Case No. 99 CV 3527 (N.D. Ill., filed Sept. 21, 1999) (dismissed for failure to state a claim under 28 U.S.C. §1915A(b) and assessing a strike); *McAtee v. Washington*, Case No. 99 CV 1012 (C.D. Ill., filed Jan. 12, 1999) (dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)); *McAtee v. Rathbun*, Case No. 95 CV 345 (N.D. Ill., filed Aug. 4, 1995) (dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6)).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

However, Plaintiff has also filed a motion seeking leave to proceed *in forma pauperis*, arguing that he is in imminent danger of serious physical harm because officials at the Cook County Department of Corrections refused to permit surgery on two herniated ruptured bulging discs in Plaintiff's spine. He seeks both injunctive relief and money damages.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir.2 002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger. *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998).

*Ciarpaglini v. Saini* 352 F.3d 328, 330 (7th Cir. 2003).

Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous. *See, e.g., Heimermann v. Litscher*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection 2 years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger).

Other circuits have considered the imminent danger requirement. Being placed near inmates on one's enemies list, despite pleas for transfer to a different location after being beaten by those enemies, meets this amorphous standard. *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998). Continuing headaches and other symptoms as a result of exposure to dust, lint, and shower odor also meets this standard. *Gibbs v. Cross*, 160 F.3d 962, 965-66 (3rd Cir. 1998). So does needing dental care because of a mouth infection. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

*Id.* at 330-31.

Plaintiff is no longer in the custody of the Cook County Department of Corrections; he is currently in the custody of the Illinois Department of Corrections. He, in fact, filed this action after he was transferred to IDOC custody as evidenced by his motion to proceed *in forma pauperis*, which he signed on June 12, 2008, and stated that he was at Menard Correctional Center. Plaintiff therefore is no longer in imminent danger of serious physical injury at the hands of CCDOC officials. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee. Moreover, his transfer to IDOC custody moots any claim he might have for injunctive relief *See Fuller v. Dillon*, 236 F.3d 876, 882 (7th Cir. 2001) (transfer rendered injunctive relief moot). Plaintiff may proceed on his damage claim against CCDOC defendants, but only after he has paid the $350 filing fee.

The Court therefore denies Plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If Plaintiff does not pay the $350 filing fee within 30 days, the Court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).